UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00295-MR

| PRENTICE L. BESS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | ORDER |
| GARRY L. MCFADDEN, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, [Doc. 1], and on Petitioner's Motion to Proceed in Forma Pauperis, [Doc. 2].

## I. BACKGROUND

On June 27, 2022, Pro se Petitioner Prentice L. Bess ("Petitioner") filed the instant pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion to proceed in forma pauperis. [Docs. 1, 2]. Petitioner alleges that he is currently being detained at the Mecklenburg County Detention Center ("Detention Center") on several state charges. [See Doc. 1 at 2]. Petitioner seeks immediate release from detention based on alleged violation of his rights under the Fifth, Sixth, and Fourteenth Amendments in his state criminal proceedings. [Id. at 6-7]. Petitioner alleges that, on June 22, 2022, he filed some sort of challenge in the Superior Court of

Mecklenburg County, asserting "ineffective counsel, violation of 14th, 6th amendment due process, right to court appointed counsel, violation of 5th Amendment." [Id.]. Petitioner has not yet received a ruling on this recent challenge. [See id.]. Petitioner admits that he has not otherwise challenged or appealed the decisions or actions that he now presents to this Court.[1] [See id. at 2-3].

The Court will first address Petitioner's motion to proceed in forma pauperis.

## II.  IN FORMA PAUPERIS MOTION

Petitioner's affidavit shows that Petitioner has had an average monthly income of $0.00 during the past twelve months and that he expects to receive no income next month. [Doc. 2 at 1-2]. Petitioner reports having no monthly expenses, no assets, no cash, no money in any bank account, and that no one relies on him for support. [Id. at 2-5]. Petitioner asserts that he has been incarcerated for over two years and has been without income. [Id. at 5]. The Court is satisfied that Petitioner does not have sufficient funds to pay the filing fee and will grant Petitioner's motion to proceed in forma pauperis for

---

[1] Petitioner asserts that he also sent a letter to the Senior Resident Superior Court Judge and the North Carolina State Bar on May 19, 2022, complaining of "ineffective counsel and process by lawyer, illegal procedures, [etc.] Fixing of court appointed private investigator," to which Petitioner received "no response." [Doc. 1 at 5].

the limited purpose of the Court's initial review.

## III. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the habeas petition can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## IV. DISCUSSION

A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). A pretrial detainee, however, is not "in custody" pursuant to a state court judgment. Relief under § 2254, therefore is not available. See Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987). A pretrial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies. See 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004). Although § 2241 contains no express reference to exhaustion of state remedies, as does §

2254, exhaustion is required prior to filing a § 2241 petition. See e.g., Braden v. 30th Jud. Cir., 410 U.S. 484, 490-91 (1973); Moore v. DeYoung, 515 F.2d 437, 442-43 (3d Cir. 1975). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Here, Petitioner alleges only that he filed some sort of challenge to the alleged constitutional violations in the Superior Court of Mecklenburg County on June 22, 2022 on which no action has yet been taken. [Doc. 1 at 2]. He admits that he did not otherwise appeal the action about which he now complains. [See id. at 2-3]. As such, Petitioner failed to exhaust his state remedies before filing this action. Because Petitioner failed to exhaust his state court remedies, this petition is not properly before the Court. The Court will, therefore, dismiss it without prejudice.

## V. CONCLUSION

For the reasons stated herein, Petitioner's § 2241 petition is denied and dismissed without prejudice.

## ORDER

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under § 2241 [Doc. 1] is **DENIED** and **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed in Forma Pauperis [Doc. 2] is **GRANTED** in accordance with the terms of this Order.

The Clerk is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: July 15, 2022

Martin Reidinger
Chief United States District Judge